■ WATERFRONT COMMISSION OF NEW YORK HARBOR, on Behalf of ITSELF and the STATE OF NEW YORK, Respondent, v. CUNARD STEAM-SHIP COMPANY, LIMITED, Appellant.— Order entered October 8, 1962, unanimously affirmed upon the law and the facts and in the exercise of discretion, without costs. It satisfactorily appears that the defendant, without the approval of the plaintiff commission, has used and threatens to continue to use nonregistered personnel

for the loading of passengers' baggage in connection with scheduled departures of its steamships from the piers in New York Harbor and that this use is in violation of the provisions of the act and of section 4.1 (subd. [b], par. [3]) of the regulations of the commission promulgated pursuant to the provisions of such act. The defendant's rights and duties as a common carrier, insofar as the same involves the use of New York Harbor, are subject, of course, to reasonable regulation in the interest of public health and safety. And, we have held that said section 4.1 (subd. [b], par. [3]) of the regulations is in all respects valid and that the commission, pursuant to the terms thereof, is vested with the power to determine, in the reasonable exercise of its discretion, whether or not passengers' baggage may be moved on or off the piers by the nonregistered personnel employees of steamship lines during times of emergencies. (See *Connolly v. O'Malley*, 17 A D 2d 411.) Here, the defendant has and threatens to continue to use its nonregistered personnel to move passengers' baggage without the approval of the commission and without regard to the provisions of said regulations. Therefore, this action is maintainable pursuant to the provisions of section 5-f of part II of the Waterfront Commission Act (L. 1953, ch. 882, as added by L. 1954, ch. 220), and the order for temporary injunction was properly granted. We point out, however, that the defendant should not be precluded from its remedies if the commission, on proper application to it in case of any future emergency, should arbitrarily or capriciously refuse to grant approval to defendant for the moving by nonregistered personnel of passengers' baggage onto or off of a ship. Therefore, this determination is without prejudice to the maintenance of a proper proceeding directed against the arbitrary or capricious withholding by the commission of approval in a particular emergency case in the future and without prejudice to a motion at Special Term for vacatur or modification of the order herein to allow proper relief to the defendant in any such proceeding. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.